UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES HEIPLE,

        Plaintiff,

v.                                    Case Number 07-12319-BC
                                     Honorable Thomas L. Ludington

JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTIONS TO DETERMINE
THAT A *DE NOVO* STANDARD OF REVIEW APPLIES
AND TO SUPPLEMENT THE ADMINISTRATIVE RECORD
AND CANCELLING HEARING**

On May 30, 2007, Defendant Jefferson Pilot Financial Insurance Company removed Plaintiff James Heiple's case to this Court. On August 8, 2007, Plaintiff filed motions for the Court to determine that the appropriate standard of review is *de novo* and to permit supplementation to the administrative record.

According to his complaint, Plaintiff, the personal representative of the estate of Linda Heiple, seeks life insurance benefits under a policy available through her former employer, The Rehmann Group. Defendant Jefferson Pilot Financial Insurance Company issued the policy, pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq*. Plaintiff alleges that Defendant wrongfully denied coverage under the policy's accidental death and dismemberment and seat belt provisions. More specifically, Plaintiff claims that Defendant denied coverage based on a provision that limits coverage when voluntary drug use, absent a prescription,

is a contributing cause of a loss.[1]  Plaintiff states that Defendant relied on a toxicology report that showed positive results for metabolites of cannabis and cocaine.  Plaintiff further contends that any substance in Plaintiff's decedent's body followed from a physician's prescription and did not contribute to her death.

According to Plaintiff's brief in the instant motion, in response to Defendant's initial denial of benefits, he eventually learned of the medications prescribed to Plaintiff's decedent by her doctor.  Unfortunately, Plaintiff acquired that information after Defendant's denial, which occurred on January 16, 2007, after the exhaustion of internal appeals processes.  (Plaintiff maintains that the Physician's Desk Reference shows that the two medications could occasion a positive test for the presence of cannabis and cocaine.)

Defendant responds that, based on portions of the administrative record not yet provided, that it permitted Plaintiff a 60-day extension to submit medical evidence to the examiner, commencing on October 17, 2006.  Defendant claims that, on December 17, 2006, it reminded Plaintiff that the extension expired on December 17, 2006, after which time the file would be submitted for its final review.

Plaintiff further objects to Defendant's reliance on an independent medical review of August 23, 2006, which he suggests fails to account for these medications.  By extension, he contends that the administrative record must be supplemented because the review did not account for medications

---

[1]According to Plaintiff's brief, the provision imposes the following limitation: "Benefits are not payable for any loss to which a . . . contributing cause is: . . . [v]oluntary use of drugs; except when prescribed by a physician."  Pl. Mo. Br., p. 2 [dkt #13].  Although a previous order of the Court requires Defendant to file the administrative record with the Court by October 12, 2007, neither party has provided the Court with copies of any portion of the administrative record relevant to the instant motion and, particularly, the ERISA plan on which each here relies.  To the extent relevant, however, the parties' briefs reflect their agreement on the terms of those provisions.

for which Plaintiff's decedent did have prescriptions subsequent to a recent surgery.

Again, relying on the agreement of both parties, the ERISA plan provision governing the authority of the plan administrator states:

> Company's Discretionary Authority. Except for the functions that this policy clearly reserves to the group policy holder or employer, the company has authority [to]:
> (1) Manage this policy and administer claims under it; and
> (2) *Interpret the provisions and resolve questions arising under this policy*.
> The company's authority includes (but is not limited to) the right to:
> (1) Establish and enforce procedures for administering this policy and claims under it;
> (2) *Determine employees' eligibility for insurance and entitlement to benefits*;
> (3) *Determine what information the company reasonably requires to make such decisions*; and
> (4) *Resolve all matters when a claim review is requested*.
> Any decision a company makes, in the exercise of its authority, shall be conclusive and binding; subject to the insured person's or beneficiary's rights to:
> (1) Request the State Insurance Department review; or
> (2) Bring legal action.

Pl. Mo. Br., pp. 5-6; *Plan*, p. 18 (emphasis added).

On April 26, 2007, Plaintiff filed a single claim in state court to enforce his decedent's rights under 29 U.S.C. § 1132, and Defendant then removed the case here. Now pending before the Court is Plaintiff's motion to determine the standard of review and to permit supplementation of the administrative record.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

In *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 613 (6th Cir. 1998), the Sixth Circuit held, "With respect to review of the plan administrator's denial of benefits, both the district court and this court review *de novo* the plan administrator's denial of ERISA benefits, unless the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." (Citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)); *see also Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991) (concluding that language that permitted a benefits determination "on the basis of medical evidence satisfactory to the [insurer]" constituted an allocation of discretion); *Johnson v. Eaton Corp.*, 970 F.2d 1569, 1571-1572 (6th Cir. 1992) (concluding that plan language of the administrator "shall have all such powers and authority as may be necessary to carry out the provisions of this [p]lan" granted the administrator discretionary authority).

Here, the plan policy language, uncontested by either party, does provide discretion to the plan administrator. Including more authority than that considered discretionary in *Miller* and *Johnson*, the plan here reserved to the plan administrator the authority to do the following: (1) "[i]nterpret the provisions and resolve questions arising under this policy"; (2) "[e]stablish and enforce procedures for administering this policy and claims under it"; (3) "[d]etermine employees' eligibility for insurance and entitlement to benefits"; (4) "[d]etermine what information the company reasonably requires to make such decisions"; and (5) "[r]esolve all matters when a claim review is requested." These grants of authority, which are expressly non-exhaustive, indicate a reservation of substantial and discretionary authority by the plan administrator. Consequently, the appropriate standard of review is not *de novo* but arbitrary and capricious, as permitted by *Firestone Tire* and *Wilkins*.

Plaintiff, in contending that she be permitted to supplement the administrative record, relies again on *Miller*, 925 F.2d at 986. There, the Sixth Circuit noted the importance of considering the entirety of the administrative review process, including the administrative appeals and the opportunities for a claimant to timely submit additional information, as requested by the plan administrator. *Id.* Yet the court there found a plan administrator justified in reaching a decision without additional materials later offered by the claimant, precisely because she failed to provide those materials. *Id.*

Here, Plaintiff seeks to add evidence that he maintains became available after the conclusion of the administrative review. Yet the authority he cites provides the very basis on which Defendant could correctly decline to consider the late-available information, i.e., Plaintiff's failure to timely comply with the administrative review process. Consequently, Plaintiff has not established any legal basis for supplementing the administrative record, nor has she offered a unique factual circumstance that might somehow justify departing from the settled law that ERISA cases proceed on a closed administrative record.

Accordingly, it is **ORDERED** that Plaintiff's motions to determine that the appropriate standard of review is *de novo* and to permit supplementation to the administrative record [dkt ## 13, 14] are **DENIED**.

It is further **ORDERED** that the hearing on Plaintiff's motions, scheduled for September 10, 2007 at 3 p.m., is **CANCELLED**.

                                                 s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

Dated: September 5, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 5, 2007.

        s/Tracy A. Jacobs
        TRACY A. JACOBS